David Abrams, Attorney at Law
305 Broadway Suite 601, New York, NY 10007
Tel. 212-897-5821 Fax 212-897-5811

December 7, 2016

To:     Hon. I. Leo Glasser                                    (by ECF)
        United States District Court
        Eastern District of New York
        225 Cadman Plaza East
        Brooklyn, NY 11201

Re:     Theoharis v. Call-a-Head Corp.
        Case No. 16 cv 4475 (ILG) (ST)

Dear Judge Glasser:

        This office represents the Plaintiff in the above-referenced matter.  Pursuant to the instructions of Judge Tiscione, I am respectfully submitting this letter request that the above-referenced FLSA matter be dismissed with prejudice.  Defendant has reviewed this letter and joins in the application to dismiss.

        By way of background, this is an FLSA matter in which my client, a plumber, alleges that he regularly worked unpaid overtime hours for the Defendant, a service which provides portable toilets.

        My client alleges that he worked approximately 8 months until his employment ended in February of 2016; that his regular rate of pay was $17.50 per hour; that on average he worked approximately 2 to 8 overtime hours per week of which 10 to 15 percent were actually paid.  Defendant, of course, disputes my client's allegations.

        In any event, my client's maximum potential recovery is approximately $12,000 which is the result of multiplying the $17.50 per hour time time and a half; multiplying the resulting overtime rate by 8 hours per week over 34 weeks; substracting 15% to account for overtime paid; and doubling to include liquidated damages.

        As set forth in the attached release, the total settlement is for $7500 which I respectfully submit is reasonable under the circumstances given the risks and inconvenience of litigation.  Further, I am charging my client $2805.33 representing a one-third contingency fee after accounting for costs of $458 representing the filing fee and service of process.  I respectfully submit that one-third is within the range of what is normally approved by Courts.

**[continued on next page]**

Accordingly, I respectfully request that the Court approve the settlement in this matter.

Respectfully yours,

/s/ David Abrams

David Abrams

Enclosures

cc:     Defendant's counsel                    (by ECF w/ attachment)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

EVANGELOS THEOHARIS,                          **DOCKET NO.: 16-cv-4475**

                                Plaintiff,

            -against-

CALL-A-HEAD CORP.,

                                Defendant.
--------------------------------------------------------------------X

### NEGOTIATED SETTLEMENT AGREEMENT

**WHEREAS,** EVANGELOS THEOHARIS ("Plaintiff") commenced an Action on August 10, 2016 in the United States District Court for the Eastern District of New York ("Court"), Docket Number 16-cv-4475 (the "Action"), against CALL-A-HEAD CORP. ("Defendant"), alleging that he is due wages, from the Defendant, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and New York State Labor Law, Article 6 and Article 6 regulations and alleging retaliation for his termination based upon the FLSA and the New York State Labor Law; and

**WHEREAS,** on October 6, 2016 the Defendant filed a Motion to Dismiss the Action; and

**WHEREAS,** on October 24, 2016 the Plaintiff filed an Amended Complaint; and

**WHEREAS,** the Defendant denies each and every allegation of wrongdoing asserted in the Action, including, but not limited to, all such allegations contained in Plaintiff's Complaint, Amended Complaint, and in any other papers filed or served by the Plaintiff or on his behalf in the Action; and

**WHEREAS,** after considering and examining the evidence related to the respective claims and defenses in the Action and consistent with the desires of the Plaintiff and Defendant to resolve the Action in the context of no party having prevailed on its claims and to avoid the costs of further litigation, the Plaintiff and the Defendant have agreed on the payment from the Defendant to the Plaintiff a sum of money to terminate the litigation with prejudice and for which the Plaintiff shall execute a Release of the Defendant; and

**WHEREAS,** the Plaintiff acknowledges and affirms that the payment that he is receiving from, or that is being paid in their behalf by the Defendant is based upon the negotiations by and between his Counsel and Counsel for the Defendant for the dismissal of the Action, with prejudice, under the terms of this Negotiated Settlement Agreement ("Settlement Agreement") and said payment from the Defendant to the Plaintiff is therefore, for all intents and purposes, new consideration for the promises and commitments that the Plaintiff has accepted and undertaken pursuant to this Settlement Agreement, and not for any past service each performed for the Defendant; and

1

**WHEREAS**, the Plaintiff and the Defendant understand and agree that neither the making of this Settlement Agreement nor anything contained herein shall, in any way, be construed or considered to be an admission by the Defendant of guilt or non-compliance with any federal, state, city or local statute, constitution, public policy or common law, the breach of any contract or commission of any tort or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever; and

**WHEREAS**, the Plaintiff, who has been represented by David Abrams, Esq. ("Abrams") as his attorney in the Action and in the negotiations leading to this Settlement Agreement, after consulting with Abrams, freely and voluntarily (i) enter into this Settlement Agreement, (ii) authorize the filing with the Court of the Stipulation of Dismissal With Prejudice in the form annexed hereto as Exhibit "A," and (iii) accept the promises and obligations upon them expressed herein; and

**WHEREAS**, Defendant who has been represented by Austin Graff, The Scher Law Firm, LLP ("TSLF") as its attorneys in the Action and in the negotiations leading to this Settlement Agreement desire, after consulting with Counsel, to freely and voluntarily enter into this Settlement Agreement and the Stipulation of Dismissal With Prejudice annexed hereto as Exhibit "A" and to accept the promises and obligations upon them expressed herein; and

**WHEREAS**, the Plaintiff and the Defendant have had a reasonable period of time to review this Settlement Agreement with their respective Counsel, immediate families, accountants, and other tax advisors;

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:**

1.      The recital "Whereas" clauses set forth above are expressly merged into and made a substantive part of this Settlement Agreement.

2.      In exchange for the promises made herein:

a.      The Plaintiff shall execute an original signature copy of this Settlement Agreement and deliver the same to TSLF;

b.      The Defendant shall execute an original signature copy of this Settlement Agreement and deliver the same to Abrams;

c.      Within five (5) business days following Plaintiff's Counsel's receipt of the complete Settlement Sum, TSLF shall withdraw in writing and with prejudice the Action by executing and delivering to Defendant's attorneys the Stipulation of Dismissal With Prejudice in the form annexed hereto as Exhibit "A".

d.      Except as may be prohibited by statute or as otherwise necessary to enforce the terms of this Settlement Agreement, the Plaintiff agrees that he shall not institute, nor shall he submit or file, or permit to be submitted or filed on his behalf, any lawsuit, charge, claim, complaint, and/or other proceeding against Defendant, whether an individual or class action, with any administrative agency, court or other forum, under any federal, state, city or local laws, rules or regulations relating to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; the Portal-To-Portal Pay Act, 29 U.S.C. § 251 *et seq.*; New York Labor Law; and/or any other federal, state, city

or local wage-hour, wage-payment, claim for alleged underpayment of wages, based upon any conduct occurring up to and including the date of the Plaintiff's execution of this Settlement Agreement and shall not seek or accept any award or settlement from any such source or proceeding. In the event the Plaintiff institutes, is party to, or is a member of a class that institutes any such judicial, administrative or arbitral action or proceeding, to the extent that the asserted claims have been released under the terms of this Settlement Agreement, the claims therein asserted and released by this Settlement Agreement shall be dismissed and/or class membership terminated and the Plaintiff shall take all steps necessary to effect said dismissal/termination of their individual claims/participation. If the Defendant notifies the Plaintiff of any such action or proceeding, the Plaintiff shall be required to take the necessary steps to affect his own required dismissal/termination within thirty days of such notice.

   e. Except as may be prohibited by statute or requested by any governmental or enforcement agency, or as necessary to enforce this Settlement Agreement, the Plaintiff shall not, in any way, voluntarily assist any individual or entity concerning or prosecuting any action or proceeding against Defendant including, but not limited to, any administrative agency claims, charges or complaints, lawsuits, counterclaims or cross claims, or in any way voluntarily participate or cooperate in any such action or proceeding as to matters released under the terms of this Settlement Agreement. This prohibition applies to every stage of any proceeding, including any trial, pretrial preparation, pre-litigation fact gathering, or administrative agency procedure, and bars the Plaintiff from voluntarily testifying, providing documents or information, advising, counseling or providing any other form of voluntarily assistance to any person or entity who wishes to make or who is making any claim against Defendant. As to any such contemplated, instituted or filed proceeding, the Plaintiff shall neither seek nor accept any (1) monies, award or recovery therefrom for any matters released and waived by him in this Settlement Agreement or related to said released or waived matters or (2) compensation for activities in support of any such action or proceeding. To the extent that any monies are awarded or paid to the Plaintiff as a recovery or for activities in support of any such action or proceeding, including activities pre-institution or filing, the Plaintiff shall be obligated to turn over all monies received, including attorneys' fees awarded, to the Defendant.

   f. The Plaintiff acknowledges that because of circumstances unique to him including, but not limited to, irreconcilable differences with the Defendant, he is ineligible, pursuant to this Settlement Agreement, to hold any positions with the Defendant now or in the future and shall not apply in the future for employment with the Defendant. The Plaintiff agrees that if he knowingly or unknowingly applies for a position with the Defendant, and if he is offered or accepts a position with said entity, then the offer to his may be withdrawn, and the Plaintiff may be terminated immediately without notice, cause and recourse regarding his employment and the termination of it. The Plaintiff further agrees that in the event of such an offer and withdrawal, or hiring and termination, as described in this paragraph, he waives any right he may have now or in the future to seek legal or administrative redress of any kind for events relating to the withdrawal of the offer, or termination of employment, since said withdrawal or termination is a material condition of this Settlement Agreement that the Plaintiff has accepted. Other than as expressly set forth herein, there shall be no penalties or repercussions of any kind as a result of any alleged breaches of this paragraph.

   g. Defendant, in consideration of the promises and other good and valuable consideration received from Plaintiff, hereby reciprocally releases Plaintiff from any and all

liabilities, claims and causes of action whatsoever, from the beginning of the world through the date of the execution of this Settlement Agreement.

3.  Settlement Sum:

a.  In exchange for the promises made by the Plaintiff contained in this Settlement Agreement the Defendant agrees to pay Plaintiff the settlement sum of **SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00)** ("Settlement Sum"), which Settlement Sum is inclusive of any and all claims for damages, interest, attorneys' fees, costs, disbursements, etc., that the Plaintiff has or may have against the Defendant for the Action or as to any other matter through the date that the Plaintiff execute this Settlement Agreement, whichever is executed later, to be paid as in a lump sum upon execution of the Settlement Agreement. Abrams shall hold the Settlement Sum in escrow until the Court's approval of this Settlement Agreement. If the Court denies the approval of this Settlement Agreement, the parties shall revert to their status prior to signing this Settlement Agreement and the litigation shall proceed. If the Court denies approval, Abrams shall turnover to TSLF the money received under this Settlement Agreement from Defendant. The payments shall be distributed by Abrams as follows:

| AMOUNT TO BE PAID |
|---|
| $2805.33 in attorneys' fees and disbursements, expenses and fees incurred by the Plaintiff in the course of this Action payable to Robert Abrams, Esq. |
| $4694.67 payable to Evangelos Theoharis |

b.  The Settlement Sum being paid to and in behalf of the Plaintiff in the amount and on or before the date described immediately above in ¶ 3(a) based upon the Plaintiff's and Defendant's decisions to resolve the litigation of the Action in order to avoid incurring further fees and costs. The manner in which the payments are being divided and characterized is pursuant to the Plaintiff's request. A material condition of this Settlement Agreement is that the parties to it neither admit, nor shall it be inferred by the existence of this Settlement Agreement and/or their terms, that the Defendant has not admitted to the violation of any law, regulation, rule, contract, agreement or understanding applicable to the Defendant's employment of any of the Plaintiff.

c.  All payments from the Defendant shall be made by check and payable to "David Abrams, as attorney" and shall be mailed via UPS or FEDEX overnight mail. Abrams shall not release to the Plaintiff any money he receives from the Defendant until he provides the TSLF his taxpayer identification number, which is 46-0944317.

4.  After the end of calendar year 2016 the Defendant shall issue to the Plaintiff an IRS Form 1099-Misc for the Settlement Sum paid pursuant to ¶ 3(a). The form shall be forwarded to Abrams. The Plaintiff shall be solely responsible for the payment of his portion of all taxes, interest, penalties and other liabilities or costs that may be assessed upon the Settlement Sum paid pursuant to ¶ 3(a) above. The Plaintiff further agrees to indemnify and hold the Defendant

harmless against any tax liabilities, including, but not limited to, any interest and/or penalties that the Defendant may incur as a result of paying the Settlement Sum pursuant to ¶ 3(a) above for employee-side tax withholdings, if any. In the event of the Defendant receiving notice of a claim subject to the Plaintiff's indemnity/hold harmless obligation, said Defendant or its attorney shall notify Abrams herein in writing.

5.    The Plaintiff understands and agrees that he would not be entitled to receive the consideration specified in ¶ 3(a), the Settlement Sum, except for their fulfillment of all the promises contained in this Settlement Agreement.

6.    No later than five (5) business days following Abram's receipt of the Court's approval of the Settlement Agreement, the Action shall be dismissed in its entirety and with prejudice. The Plaintiff and Defendant agree not to seek any interest, fees or costs from the Court and, except as provided in this Settlement Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Action.

7.    Any notice required by this Settlement Agreement shall be given by express or certified mail to the following addresses or such other address as any party may specify to the other, as provided herein. Notice shall be deemed duly given when so mailed to:

For the Plaintiff:

David Abrams
Attorney for Plaintiff
305 Broadway Suite 601
New York, NY 10007

For the Defendant:

Austin Graff, Esq.
The Scher Law Firm, LLP
One Old Country Road, Suite 385
Carle Place, NY 11514

8.    This Settlement Agreement supersedes all prior and contemporaneous understandings by and between the parties and represents the complete expression of the understandings by and between the Plaintiff and the Defendant. No other promises or agreements shall be binding or shall modify this Settlement Agreement unless signed by the Plaintiff and an authorized representative of the Defendant hereto, specifically referring to this Settlement Agreement and the modification or amending of it.

9.    This Settlement Agreement shall be governed and interpreted in accordance with the law of the State of New York without regard to its conflict of law provision. Should any provision of this Settlement Agreement be declared illegal, unenforceable or void by any court of competent jurisdiction, in whole or in part, and cannot be modified to be enforceable, excluding the general release language, such provision or portion thereof shall be deemed severable from the

remainder of this Settlement Agreement and shall in no way affect, impair or invalidate any other provision contained therein. Further, should any provision of this Settlement Agreement require interpretation or construction, it is agreed by the Plaintiff and the Defendant that the entity interpreting or construing this Settlement Agreement shall not apply a presumption that the provisions shall be more strictly construed against one party by reason of the rule of construction that in cases of ambiguity a document is to be construed more strictly against the party who drafted it.

10.    The Plaintiff may revoke this Settlement Agreement for a period of seven (7) calendar days following the day he executes this Settlement Agreement before a Notary Public. Any revocation within the seven-day period following the Plaintiff's execution of this Settlement Agreement must be submitted, in writing, to TSLF and state, "I hereby revoke my acceptance of the Negotiated Settlement Agreement between myself and CALL-A-HEAD CORP." The revocation must be delivered to Austin Graff, Esq., The Scher Law Firm, LLP, One Old Country Road, Suite 385, Carle Place, New York 11514, within seven (7) calendar days following the day each Plaintiff executes this Settlement Agreement. This Settlement Agreement shall not become effective or enforceable until the revocation period has expired without the Plaintiff revoking this Settlement Agreement by the means prescribed herein. If the last day of the revocation period is a Saturday, Sunday, or legal holiday in the State of New York, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday.

15.    No delay or omission by any party in exercising any rights under this Settlement Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion.

16.    This Settlement Agreement may be executed in counterparts with all counterparts constituting the entire Settlement Agreement and with the same full force and effect as if this Settlement Agreement were not executed in counterparts. In addition, a facsimile signature contained hereon shall be deemed an original. If any provision of this agreement is held invalid or unenforceable by the Court, the remainder of this agreement shall be valid and effective except for (1) Plaintiff's release of any and all wage/hour claims arising from his employment with the Defendant as set forth in Paragraph 2 herein; (2) Defendant's obligation to make payment as set forth in Paragraph 3 herein; and (3) Defendant's release of the Plaintiff as set forth in Paragraph 2 herein. However, if a Court invalidates any of these three provisions, then the entire agreement shall be deemed null and void.

**BY EXECUTING THIS SETTLEMENT AGREEMENT, THE PLAINTIFF AFFIRMS THAT HE HAS BEEN PROVIDED NO LESS THAN TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS SETTLEMENT AGREEMENT AND HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTING THIS SETTLEMENT AGREEMENT.**

**THE PLAINTIFF MAY EXECUTE THIS SETTLEMENT AGREEMENT PRIOR TO THE EXPIRATION OF THE TWENTY-ONE (21) DAY PERIOD AND IN DOING SO ACCEPTS ITS TERMS AND ACKNOWLEDGES AND ADMITS THAT THE**

**DEFENDANT HAS NOT THREATENED TO WITHDRAW OR ALTER THE TERMS OF THIS SETTLEMENT AGREEMENT PRIOR TO THE EXPIRATION OF THE TWENTY-ONE (21) DAY PERIOD.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT TO FULFILL THE PROMISES SET FORTH HEREIN THAT PERTAIN TO THE PLAINTIFF AND TO RECEIVE THEREBY THE CONSIDERATION SET FORTH IN PARAGRAPH "3" ABOVE, THE PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY, ENTERS INTO THIS SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST THE DEFENDANT, THROUGH THE DATE OF HIS EXECUTION OF THIS SETTLEMENT AGREEMENT.**

**BY EXECUTING THIS DOCUMENT, THE PLAINTIFF ACKNOWLEDGES, ADMITS AND REPRESENTS TO THE DEFENDANT THAT HE FULLY UNDERSTANDS THE TERMS OF THIS SETTLEMENT AGREEMENT, WHICH HAVE BEEN EXPLAINED TO HIM BY HIS ATTORNEY, AND THAT ANY AND ALL QUESTIONS THE PLAINTIFF HAD CONCERNING THE TERMS AND CONDITIONS OF THIS SETTLEMENT AGREEMENT HAVE BEEN ANSWERED BY HIS COUNSEL TO THE PLAINTIFF'S SATISFACTION.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily execute this Negotiated Settlement Agreement as of the dates set forth below.

| EVANGELOS THEOHARIS | STATE OF NEW YORK )<br>) ss.:<br>COUNTY OF _____ )<br><br>On the ___ day of November 2016, before me, the undersigned, a Notary Public in and for said State, personally appeared Evangelos Theoharis personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to be that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.<br><br>_____<br>Notary Public |
|---|---|
| By:    Evangelos Theoharis | |
| CALL-A-HEAD CORP.<br><br><br>By:    Charles Howard | STATE OF NEW YORK )<br>) ss.:<br>COUNTY OF NASSAU )<br><br>On the 30 day of November 2016, before me, the undersigned, a Notary Public in and for said State, personally appeared Charles Howard personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to be that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.<br><br>_____<br>Notary Public |

KORYNN A. BOTTONE
Notary Public, State of New York
No. 01BO5071995
Qualified in Nassau County
Commission Expires Jan. 21, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

EVANGELOS THEOHARIS,                              **DOCKET NO.: 16-cv-4475**

                                   Plaintiff,

-against-

CALL-A-HEAD CORP.,

                                   Defendant.
------------------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT

**WHEREAS,** EVANGELOS THEOHARIS ("Plaintiff") commenced an Action on August 10, 2016 in the United States District Court for the Eastern District of New York ("Court"), Docket Number 16-cv-4475 (the "Action"), against CALL-A-HEAD CORP. ("Defendant"), alleging that he is due wages, from the Defendant, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and New York State Labor Law, Article 6 and Article 6 regulations and alleging retaliation for his termination based upon the FLSA and the New York State Labor Law; and

**WHEREAS,** on October 6, 2016 the Defendant filed a Motion to Dismiss the Action; and

**WHEREAS,** on October 24, 2016 the Plaintiff filed an Amended Complaint; and

**WHEREAS,** the Defendant denies each and every allegation of wrongdoing asserted in the Action, including, but not limited to, all such allegations contained in Plaintiff's Complaint, Amended Complaint, and in any other papers filed or served by the Plaintiff or on his behalf in the Action; and

**WHEREAS,** after considering and examining the evidence related to the respective claims and defenses in the Action and consistent with the desires of the Plaintiff and Defendant to resolve the Action in the context of no party having prevailed on its claims and to avoid the costs of further litigation, the Plaintiff and the Defendant have agreed on the payment from the Defendant to the Plaintiff a sum of money to terminate the litigation with prejudice and for which the Plaintiff shall execute a Release of the Defendant; and

**WHEREAS,** the Plaintiff acknowledges and affirms that the payment that he is receiving from, or that is being paid in their behalf by the Defendant is based upon the negotiations by and between his Counsel and Counsel for the Defendant for the dismissal of the Action, with prejudice, under the terms of this Negotiated Settlement Agreement ("Settlement Agreement") and said payment from the Defendant to the Plaintiff is therefore, for all intents and purposes, new consideration for the promises and commitments that the Plaintiff has accepted and undertaken pursuant to this Settlement Agreement, and not for any past service each performed for the Defendant; and

1

**WHEREAS**, the Plaintiff and the Defendant understand and agree that neither the making of this Settlement Agreement nor anything contained herein shall, in any way, be construed or considered to be an admission by the Defendant of guilt or non-compliance with any federal, state, city or local statute, constitution, public policy or common law, the breach of any contract or commission of any tort or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever; and

**WHEREAS**, the Plaintiff, who has been represented by David Abrams, Esq. ("Abrams") as his attorney in the Action and in the negotiations leading to this Settlement Agreement, after consulting with Abrams, freely and voluntarily (i) enter into this Settlement Agreement, (ii) authorize the filing with the Court of the Stipulation of Dismissal With Prejudice in the form annexed hereto as Exhibit "A," and (iii) accept the promises and obligations upon them expressed herein; and

**WHEREAS**, Defendant who has been represented by Austin Graff, The Scher Law Firm, LLP ("TSLF") as its attorneys in the Action and in the negotiations leading to this Settlement Agreement desire, after consulting with Counsel, to freely and voluntarily enter into this Settlement Agreement and the Stipulation of Dismissal With Prejudice annexed hereto as Exhibit "A" and to accept the promises and obligations upon them expressed herein; and

**WHEREAS**, the Plaintiff and the Defendant have had a reasonable period of time to review this Settlement Agreement with their respective Counsel, immediate families, accountants, and other tax advisors;

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:**

1.      The recital "Whereas" clauses set forth above are expressly merged into and made a substantive part of this Settlement Agreement.

2.      In exchange for the promises made herein:
   a.      The Plaintiff shall execute an original signature copy of this Settlement Agreement and deliver the same to TSLF;
   b.      The Defendant shall execute an original signature copy of this Settlement Agreement and deliver the same to Abrams;
   c.      Within five (5) business days following Plaintiff's Counsel's receipt of the complete Settlement Sum, TSLF shall withdraw in writing and with prejudice the Action by executing and delivering to Defendant's attorneys the Stipulation of Dismissal With Prejudice in the form annexed hereto as Exhibit "A".
   d.      Except as may be prohibited by statute or as otherwise necessary to enforce the terms of this Settlement Agreement, the Plaintiff agrees that he shall not institute, nor shall he submit or file, or permit to be submitted or filed on his behalf, any lawsuit, charge, claim, complaint, and/or other proceeding against Defendant, whether an individual or class action, with any administrative agency, court or other forum, under any federal, state, city or local laws, rules or regulations relating to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; the Portal-To-Portal Pay Act, 29 U.S.C. § 251 *et seq.*; New York Labor Law; and/or any other federal, state, city

2

or local wage-hour, wage-payment, claim for alleged underpayment of wages, based upon any conduct occurring up to and including the date of the Plaintiff's execution of this Settlement Agreement and shall not seek or accept any award or settlement from any such source or proceeding. In the event the Plaintiff institutes, is party to, or is a member of a class that institutes any such judicial, administrative or arbitral action or proceeding, to the extent that the asserted claims have been released under the terms of this Settlement Agreement, the claims therein asserted and released by this Settlement Agreement shall be dismissed and/or class membership terminated and the Plaintiff shall take all steps necessary to effect said dismissal/termination of their individual claims/participation. If the Defendant notifies the Plaintiff of any such action or proceeding, the Plaintiff shall be required to take the necessary steps to affect his own required dismissal/termination within thirty days of such notice.

    e.  Except as may be prohibited by statute or requested by any governmental or enforcement agency, or as necessary to enforce this Settlement Agreement, the Plaintiff shall not, in any way, voluntarily assist any individual or entity concerning or prosecuting any action or proceeding against Defendant including, but not limited to, any administrative agency claims, charges or complaints, lawsuits, counterclaims or cross claims, or in any way voluntarily participate or cooperate in any such action or proceeding as to matters released under the terms of this Settlement Agreement. This prohibition applies to every stage of any proceeding, including any trial, pretrial preparation, pre-litigation fact gathering, or administrative agency procedure, and bars the Plaintiff from voluntarily testifying, providing documents or information, advising, counseling or providing any other form of voluntarily assistance to any person or entity who wishes to make or who is making any claim against Defendant. As to any such contemplated, instituted or filed proceeding, the Plaintiff shall neither seek nor accept any (1) monies, award or recovery therefrom for any matters released and waived by him in this Settlement Agreement or related to said released or waived matters or (2) compensation for activities in support of any such action or proceeding. To the extent that any monies are awarded or paid to the Plaintiff as a recovery or for activities in support of any such action or proceeding, including activities pre-institution or filing, the Plaintiff shall be obligated to turn over all monies received, including attorneys' fees awarded, to the Defendant.

    f.  The Plaintiff acknowledges that because of circumstances unique to him including, but not limited to, irreconcilable differences with the Defendant, he is ineligible, pursuant to this Settlement Agreement, to hold any positions with the Defendant now or in the future and shall not apply in the future for employment with the Defendant. The Plaintiff agrees that if he knowingly or unknowingly applies for a position with the Defendant, and if he is offered or accepts a position with said entity, then the offer to his may be withdrawn, and the Plaintiff may be terminated immediately without notice, cause and recourse regarding his employment and the termination of it. The Plaintiff further agrees that in the event of such an offer and withdrawal, or hiring and termination, as described in this paragraph, he waives any right he may have now or in the future to seek legal or administrative redress of any kind for events relating to the withdrawal of the offer, or termination of employment, since said withdrawal or termination is a material condition of this Settlement Agreement that the Plaintiff has accepted. Other than as expressly set forth herein, there shall be no penalties or repercussions of any kind as a result of any alleged breaches of this paragraph.

    g.  Defendant, in consideration of the promises and other good and valuable consideration received from Plaintiff, hereby reciprocally releases Plaintiff from any and all

liabilities, claims and causes of action whatsoever, from the beginning of the world through the date of the execution of this Settlement Agreement.

3.  Settlement Sum:

a.  In exchange for the promises made by the Plaintiff contained in this Settlement Agreement the Defendant agrees to pay Plaintiff the settlement sum of **SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00)** ("Settlement Sum"), which Settlement Sum is inclusive of any and all claims for damages, interest, attorneys' fees, costs, disbursements, etc., that the Plaintiff has or may have against the Defendant for the Action or as to any other matter through the date that the Plaintiff execute this Settlement Agreement, whichever is executed later, to be paid as in a lump sum upon execution of the Settlement Agreement. Abrams shall hold the Settlement Sum in escrow until the Court's approval of this Settlement Agreement. If the Court denies the approval of this Settlement Agreement, the parties shall revert to their status prior to signing this Settlement Agreement and the litigation shall proceed. If the Court denies approval, Abrams shall turnover to TSLF the money received under this Settlement Agreement from Defendant. The payments shall be distributed by Abrams as follows:

| AMOUNT TO BE PAID |
| --- |
| $2805.33 in attorneys' fees and disbursements, expenses and fees incurred by the Plaintiff in the course of this Action payable to David Abrams, Esq. |
| $4694.67 payable to Evangelos Theoharis |

b.  The Settlement Sum being paid to and in behalf of the Plaintiff in the amount and on or before the date described immediately above in ¶ 3(a) based upon the Plaintiff's and Defendant's decisions to resolve the litigation of the Action in order to avoid incurring further fees and costs. The manner in which the payments are being divided and characterized is pursuant to the Plaintiff's request. A material condition of this Settlement Agreement is that the parties to it neither admit, nor shall it be inferred by the existence of this Settlement Agreement and/or their terms, that the Defendant has not admitted to the violation of any law, regulation, rule, contract, agreement or understanding applicable to the Defendant's employment of any of the Plaintiff.

c.  All payments from the Defendant shall be made by check and payable to "David Abrams, as attorney" and shall be mailed via UPS or FEDEX overnight mail. Abrams shall not release to the Plaintiff any money he receives from the Defendant until he provides the TSLF his taxpayer identification number, which is 46-0944317

4.  After the end of calendar year 2016 the Defendant shall issue to the Plaintiff an IRS Form 1099-Misc for the Settlement Sum paid pursuant to ¶ 3(a). The form shall be forwarded to Abrams. The Plaintiff shall be solely responsible for the payment of his portion of all taxes, interest, penalties and other liabilities or costs that may be assessed upon the Settlement Sum paid pursuant to ¶ 3(a) above. The Plaintiff further agrees to indemnify and hold the Defendant

4

harmless against any tax liabilities, including, but not limited to, any interest and/or penalties that the Defendant may incur as a result of paying the Settlement Sum pursuant to ¶ 3(a) above for employee-side tax withholdings, if any. In the event of the Defendant receiving notice of a claim subject to the Plaintiff's indemnity/hold harmless obligation, said Defendant or its attorney shall notify Abrams herein in writing.

5.     The Plaintiff understands and agrees that he would not be entitled to receive the consideration specified in ¶ 3(a), the Settlement Sum, except for their fulfillment of all the promises contained in this Settlement Agreement.

6.     No later than five (5) business days following Abram's receipt of the Court's approval of the Settlement Agreement, the Action shall be dismissed in its entirety and with prejudice. The Plaintiff and Defendant agree not to seek any interest, fees or costs from the Court and, except as provided in this Settlement Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Action.

7.     Any notice required by this Settlement Agreement shall be given by express or certified mail to the following addresses or such other address as any party may specify to the other, as provided herein. Notice shall be deemed duly given when so mailed to:

For the Plaintiff:

David Abrams
Attorney for Plaintiff
305 Broadway Suite 601
New York, NY 10007

For the Defendant:

Austin Graff, Esq.
The Scher Law Firm, LLP
One Old Country Road, Suite 385
Carle Place, NY 11514

8.     This Settlement Agreement supersedes all prior and contemporaneous understandings by and between the parties and represents the complete expression of the understandings by and between the Plaintiff and the Defendant. No other promises or agreements shall be binding or shall modify this Settlement Agreement unless signed by the Plaintiff and an authorized representative of the Defendant hereto, specifically referring to this Settlement Agreement and the modification or amending of it.

9.     This Settlement Agreement shall be governed and interpreted in accordance with the law of the State of New York without regard to its conflict of law provision. Should any provision of this Settlement Agreement be declared illegal, unenforceable or void by any court of competent jurisdiction, in whole or in part, and cannot be modified to be enforceable, excluding the general release language, such provision or portion thereof shall be deemed severable from the

remainder of this Settlement Agreement and shall in no way affect, impair or invalidate any other provision contained therein. Further, should any provision of this Settlement Agreement require interpretation or construction, it is agreed by the Plaintiff and the Defendant that the entity interpreting or construing this Settlement Agreement shall not apply a presumption that the provisions shall be more strictly construed against one party by reason of the rule of construction that in cases of ambiguity a document is to be construed more strictly against the party who drafted it.

10.    The Plaintiff may revoke this Settlement Agreement for a period of seven (7) calendar days following the day he executes this Settlement Agreement before a Notary Public. Any revocation within the seven-day period following the Plaintiff's execution of this Settlement Agreement must be submitted, in writing, to TSLF and state, "I hereby revoke my acceptance of the Negotiated Settlement Agreement between myself and CALL-A-HEAD CORP." The revocation must be delivered to Austin Graff, Esq., The Scher Law Firm, LLP, One Old Country Road, Suite 385, Carle Place, New York 11514, within seven (7) calendar days following the day each Plaintiff executes this Settlement Agreement. This Settlement Agreement shall not become effective or enforceable until the revocation period has expired without the Plaintiff revoking this Settlement Agreement by the means prescribed herein. If the last day of the revocation period is a Saturday, Sunday, or legal holiday in the State of New York, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday.

15.    No delay or omission by any party in exercising any rights under this Settlement Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion.

16.    This Settlement Agreement may be executed in counterparts with all counterparts constituting the entire Settlement Agreement and with the same full force and effect as if this Settlement Agreement were not executed in counterparts. In addition, a facsimile signature contained hereon shall be deemed an original. <u>If any provision of this agreement is held invalid or unenforceable by the Court, the remainder of this agreement shall be valid and effective except for (1) Plaintiff's release of any and all wage/hour claims arising from his employment with the Defendant as set forth in Paragraph 2 herein; and (2) Defendant's obligation to make payment as set forth in Paragraph 3 herein.</u>

**BY EXECUTING THIS SETTLEMENT AGREEMENT, THE PLAINTIFF AFFIRMS THAT HE HAS BEEN PROVIDED NO LESS THAN TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS SETTLEMENT AGREEMENT AND HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTING THIS SETTLEMENT AGREEMENT.**

**THE PLAINTIFF MAY EXECUTE THIS SETTLEMENT AGREEMENT PRIOR TO THE EXPIRATION OF THE TWENTY-ONE (21) DAY PERIOD AND IN DOING SO ACCEPTS ITS TERMS AND ACKNOWLEDGES AND ADMITS THAT THE DEFENDANT HAS NOT THREATENED TO WITHDRAW OR ALTER THE TERMS OF**

**THIS SETTLEMENT AGREEMENT PRIOR TO THE EXPIRATION OF THE TWENTY-ONE (21) DAY PERIOD.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT TO FULFILL THE PROMISES SET FORTH HEREIN THAT PERTAIN TO THE PLAINTIFF AND TO RECEIVE THEREBY THE CONSIDERATION SET FORTH IN PARAGRAPH "3" ABOVE, THE PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY, ENTERS INTO THIS SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST THE DEFENDANT, THROUGH THE DATE OF HIS EXECUTION OF THIS SETTLEMENT AGREEMENT.**

**BY EXECUTING THIS DOCUMENT, THE PLAINTIFF ACKNOWLEDGES, ADMITS AND REPRESENTS TO THE DEFENDANT THAT HE FULLY UNDERSTANDS THE TERMS OF THIS SETTLEMENT AGREEMENT, WHICH HAVE BEEN EXPLAINED TO HIM BY HIS ATTORNEY, AND THAT ANY AND ALL QUESTIONS THE PLAINTIFF HAD CONCERNING THE TERMS AND CONDITIONS OF THIS SETTLEMENT AGREEMENT HAVE BEEN ANSWERED BY HIS COUNSEL TO THE PLAINTIFF'S SATISFACTION.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily execute this Negotiated Settlement Agreement as of the dates set forth below.

| EVANGELOS THEOHARIS | STATE OF NEW YORK )<br>) ss.:<br>COUNTY OF New York ) |
|---|---|
| By:    Evangelos Theoharis | On the 20th day of November 2016, before me, the undersigned, a Notary Public in and for said State, personally appeared Evangelos Theoharis personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to be that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.<br><br>Notary Public |
| CALL-A-HEAD CORP. | STATE OF NEW YORK )<br>) ss.:<br>COUNTY OF _____ ) |
| By:    Charles Howard | On the ___ day of November 2016, before me, the undersigned, a Notary Public in and for said State, personally appeared Charles Howard personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to be that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.<br><br>Notary Public |

DAVID ABRAMS
Notary Public, State of New York
No. 02AB6097000
Qualified in New York
Commission Expires Aug...